

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9439 | **DATE** | 5/2/2002 |
| **CASE TITLE** | GEORGE ISSA vs. CHICAGO HOUSING AUTHORITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The CHA's motion to dismiss for lack of subject matter jurisdiction is granted. Issa's claims against the CHA are dismissed without prejudice. Based on the Court's lack of subject matter jurisdiction over Issa's claims against the CHA, the CHA's motion to dismiss for failure to state a claim upon which relief can be granted and the CHA's motion to strike the plaintiff's claim for punitive damages are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 0 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

GEORGE ISSA,

    Plaintiff,

v.

CHICAGO HOUSING AUTHORITY and
EASTLAKE MANAGEMENT CORP.,

    Defendants.

No. 01 C 9439

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiff, George Issa ("Issa"), filed suit against Defendants, Eastlake Management Corp. ("Eastlake") and the Chicago Housing Authority ("CHA"), under the Employee Retirement Income Security Act ("ERISA") for money allegedly due to him under the pension plans carried with both Defendants. Count I of the Complaint alleges a tortuous breach of contract claim against Eastlake, and Count II alleges a tortuous breach of contract claim against the CHA. Presently before the Court is the CHA's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Also before the Court is the CHA's Motion to Strike the Plaintiff's claim for punitive damages.

### BACKGROUND

Issa, a resident of Maywood, Illinois, was employed by the CHA from October 8, 1985 to November 30, 1996. Issa is a member of the International Union of Operating Engineers, which collectively bargained Issa's employment contract. On December 1, 1996, Issa became an employee of Eastlake via a subcontract between the CHA and Eastlake. Under this contract, Eastlake was

bound to pay Issa no less than what the CHA had previously paid in wages and benefits. Issa was in the employ of Eastlake until February 1, 2001.

Issa has a pension plan with Eastlake. Under the employee rules of Eastlake, an employee is entitled to one dollar in pension funds for each hour worked. Between 1997 and 2000, Eastlake's Central Pension Fund employee detail worksheet under-reported the time worked by Issa by 1,882 hours. Eastlake has refused to credit Issa for these hours. Eastlake also refused to award Issa two paid "personal/floater holidays" to which he was entitled. Issa made claims for each of these payments from Eastlake. Eastlake denied Issa's claims without a written explanation or a full and fair review of the decision to deny.

Issa claims that the CHA under-reported the number of leave hours he was entitled to in 1994 by 58.36 hours. This deprivation cost the Plaintiff a sum of $1,196. Issa also claims that he accrued 4.62 leave hours in 1996, which the CHA refused to award him. This cost the Plaintiff $94.71. The CHA also refused to award Issa 10.5 hours of sick leave in 1996, depriving him of $262.50. In addition, Issa claims that the CHA under-reported the number of hours worked by Issa in November 1995, depriving Issa of 33.25 pension dollars.

Issa held a deferred compensation account with the CHA, managed by John D. Lauer ("Lauer"). Lauer allegedly made unauthorized transactions concerning Issa's account, depriving Issa of $3,894. Issa claims that the CHA frustrated the settlement of his claims, amounting to a tort, and denied his claims without giving him a written reason for the denial or a reasonable opportunity for a fair and full review of its decision. Issa held a deferred compensation account with the CHA, managed by John D. Lauer ("Lauer"). Lauer allegedly made unauthorized transactions concerning Issa's account, depriving Issa of $3,894. Issa claims that the CHA frustrated the settlement of his

2

claims, amounting to a tort, and denied his claims without giving him a written reason for the denial or a reasonable opportunity for a fair and full review of its decision.

Issa claims compensatory damages for tortuous breach of contract against the CHA in the amount of $10,000.00, plus interest and reasonable attorney's fees, and an additional $100,000.00 in punitive damages.

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant CHA moves this Court to dismiss for lack of subject matter jurisdiction over the plaintiff's claim. Where such a motion to dismiss is made, the presumption of correctness normally accorded to the complaint falls away, and the plaintiff has the obligation to establish federal subject matter jurisdiction over his claims. *Sapperstein v. Hager*, 188 F.3d 852, 855-856 (7th Cir. 1999); Fed. R. Civ. P. 8 (a)(1). Issa has brought a claim to recover benefits due to him under the pension fund he carries with the Defendants. Jurisdiction is alleged under the Civil Enforcement section of ERISA, which states, " a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits." 29 U.S.C. § 1132(a)(1)(b). The same statutory section also states that, "state courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraph [(a)](1)(b)." 29 U.S.C. § 1132(e)(1).

Federal pension law is one of two areas, the other being employment law, where Congress intended to completely replace state law with federal law for purposes of federal jurisdiction. *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001)(*Vorhees*). Therefore, a suit for recovery of benefits due under a pension plan would seem to arise under federal law. *Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037

3

(7th Cir. 2000). However, ERISA contains exemptions from federal subject matter jurisdiction for several types of pension and benefit plans. 29 U.S.C. § 1003 (b)(1) provides that employee benefit plans described as "governmental plans" in 29 U.S.C § 1002 (32) are exempt from the provisions of that subchapter. ERISA defines a governmental plan as a "plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C § 1002(32).

Subject matter jurisdiction in this Court will, therefore, depend on whether the Plaintiff's pension plan with the CHA is a governmental plan within the meaning of the statute. The test to determine whether the CHA is a political subdivision is whether it either: (1) was created directly by the state, so as to constitute a department or administrative arm of the government; or (2) is administered by individuals who are responsible to public officials or to the general electorate. *Shannon v. Shannon*, 965 F.2d 542, 548 (7th Cir. 1992)(*Shannon*).

The CHA falls within the statutory definition of a political subdivision of the state government. *Brooks v. Chicago Housing Authority*, 1990 WL 103572 at * 2 (N.D. Ill. July 5, 1990)(*Brooks*). It was created pursuant to the Illinois Housing Act, and the commissioners are responsible to the mayor of Chicago. *Brooks*, 1990 WL 103572 at * 2.

The remaining question is whether Issa's pension plan with the CHA is an employee benefit plan that is established or maintained by the political subdivision for its employees. *Feinstein v. Lewis*, 477 F.Supp. 1256, 1259 (S.D.N.Y. 1979)(*Feinstein*).

The involvement of a private insurance company in the maintenance of the plan does not affect the plan's status as a "governmental plan." *Silvera v. Mut. Life Insurance Co. of New York*,

4

884 F.2d 423, 427 (9th Cir. 1989).  Likewise, such plans are exempt by the statute regardless of whether they are the result of collective bargaining agreements or whether they were established by unilateral action of the government.  *Feinstein,* 477 F.Supp. at 1260.  A key factor in determining whether a plan is a governmental plan within the meaning of the statute is whether it is exclusively funded by the governmental entity.  *Brooks,* 1990 WL 103572 at * 2.  For example, where the government is just one of many employers funding a private pension plan, the government subjects itself to jurisdiction under ERISA.  *Livolsi v. City of New Castle,* 501 F.Supp. 1146, 1150 (W.D. Pa. 1980) cited by *Brooks,* 1990 WL 103572 at * 2.  In order for this Court to have jurisdiction over Issa's claims against the CHA, they must fall within an exception to the jurisdiction exemption in 29 U.S.C. § 1003(b)(1).

Issa's only basis for federal subject matter jurisdiction over his claims against the CHA is section 1132 of ERISA.  The facts, as alleged, indicate that the CHA pension plan is a governmental plan within the definition of 29 U.S.C. § 1002(32).  Issa alleges only that he has a pension plan with the CHA, but he alleges no additional facts that would place this pension plan outside the jurisdictional exemption in 29 U.S.C. § 1003(b)(1).  Therefore, this Court lacks subject matter jurisdiction over Issa's claims against the CHA.

While not addressed by the parties, a determination of whether Issa's remaining claims against Eastlake provide this Court with supplemental jurisdiction over Issa's claims against the CHA must be made.  Two requirements must be satisfied in order to establish supplemental jurisdiction over claims which otherwise lack an independent basis for federal subject matter jurisdiction.  *Zabkowicz v. West Bend Company, a Division of Dart Industries, Inc.* 789 F.2d 540, 546 (7th Cir. 1986)(*Zabkowicz*).  First, the requirements of Article III of the Constitution must be

fulfilled: and, second, there must be no statutory limitations on exercising jurisdiction over the claims. *Zabkowicz*, 789 F.2d at 546. To satisfy the Constitutional requirements, there must be a federal claim sufficient to confer federal subject matter jurisdiction, and such federal claims must share "a common nucleus of operative fact" with the state claims. *Zabkowicz*, 789 F.2d at 546. If this test is satisfied, the Court must decide whether Congress has precluded litigants from bringing such state claims in federal court by statute. *Zabkowicz*, 789 F.2d at 546. If both requirements are satisfied, exercising supplemental jurisdiction over the state claims is discretionary with the court. *Zabkowicz*, 789 F.2d at 546.

As set forth above, Issa's claims against Eastlake are sufficient to confer subject matter jurisdiction over the CHA claims if a common nucleus of operative facts exists with the state claims. However, Issa's claims which arose while employed by the CHA and his claims which arose in subsequent years while he was employed by Eastlake cannot be said to arise out of a common nucleus of operative facts. Issa's allegations are against different employers, in different years, and involve different behavior by the two employers. The connections between Issa's CHA claims and his claims against Eastlake are too tenuous to satisfy the Constitutional requirements for exercising federal judicial power. Since this part of the test is not satisfied, supplemental jurisdiction over Issa's claims against the CHA cannot be established.

## CONCLUSION

The CHA's Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted. Issa's claims against the CHA are dismissed without prejudice. Based on the Court's lack of subject matter jurisdiction over Issa's claims against the CHA, the CHA's Motion to Dismiss for failure to state a

claim upon which relief can be granted and the CHA's Motion to Strike the Plaintiff's claim for punitive damages are denied as moot.

Dated: May 2, 2002

_____
JOHN W. DARRAH
United States District Judge